IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH

| | |
|---|---|
| GARY DAVIS, ) | |
| ) | |
| Petitioner, ) | Civil Action No. 2: 23-cv-00481 |
| v. ) | |
| ) | United States Magistrate Judge |
| SCI FOREST SUPERINTENDENT and ) | Cynthia Reed Eddy |
| DISTRICT ATTORNEY OF ALLEGHENY ) | |
| COUNTY, ) | |
| ) | |
| Respondents. ) | |

## MEMORANDUM OPINION[1]

Petitioner, Gary Davis ("Davis" or "Petitioner") filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 challenging the judgments of sentence imposed on him on August 12, 2015, by the Court of Common Pleas of Allegheny County, in criminal case numbers CP-02-CR-0015630-2014 and CP-02-CR-0016480-2014. For the reasons that follow, the Petition will be dismissed with prejudice.

Petitioner filed the instant petition for writ of habeas corpus on March 16, 2023.[2] (ECF No. 6 at p. 15). Respondents filed an Answer in which they argue that (1) this Court lacks jurisdiction to entertain claims with respect to CP-02-CR-0015630-2014 as Petitioner is no longer "in custody" on that state court judgment; and (2) the Petition is untimely with respect to any claims regarding the state court judgment at CP-02-CR-0016480-2014. (ECF No. 25). Petitioner filed a Reply, and although the Answer provided him with notice of Respondents'

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties have voluntarily consented to jurisdiction by a United States Magistrate Judge, including entry of final judgment. (ECF Nos. 3 and 16).

[2] This is the filing date pursuant to the "prisoner mailbox rule." *See Houston v. Lack,* 487 U.S. 266 (1988).

1

challenge to the timeliness of the Petition, he offered no explanation for the delay in his filing, but rather he again focuses on the merits of his claims. (ECF No. 33).  The matter is ripe for disposition.

## II. Discussion

### A. Factual and Procedural Background

The facts and procedural history of this case are undisputed.  At CP-02-CR-0015630-2014, Davis was charged by Criminal Information with one count each of (1) Robbery-Force However Slight, (2) Intimidation of Witnesses or Victims, (3) Simple Assault, and (4) Recklessly Endangering Another Person.  On August 12, 2015, he entered a negotiated guilty plea to all the listed charges in the Criminal Information. On that same day, he was sentenced to a period of two (2) to four (4) years of incarceration at Count 1 (Robbery – Force However Slight) with no further penalty imposed at the remaining counts.  The sentence was ordered to run concurrently with the five (5) to ten (10) year sentence imposed that same day at CP-02-CR-0016480-2014.

At CP-02-CR-0016480-2014, Davis was charged by Criminal Information with (i) one count of Criminal Attempt – Criminal Homicide; (ii) twelve Arson-related counts; (iii) one count of Intimidation of Witnesses or Victims, (iv) one count of Risking Catastrophe, and (v) one count of Terroristic Threats.  On August 12, 2015, he entered a negotiated guilty plea.  In exchange for Davis's guilty plea, Court 1, the Criminal Attempt – Criminal Homicide charge, was withdrawn, and Davis pled guilty to the remaining charges in the Criminal Information.  On the same day, he was sentenced to five (5) to ten (10) years at Count 2, one of the arson charges. No further penalty was imposed at the remaining counts.

### B. CP-02-CR-0015630-2014, Lack of Jurisdiction – "In Custody" Requirement

State prisoners seeking to obtain habeas relief under 28 U.S.C. § 2254 must demonstrate

that they were "in custody" at the time the federal habeas petition was filed. 28 U.S.C. § 2254(a). The general rule is that a petitioner may not challenge a sentence that has expired. This "in custody" requirement is jurisdictional and presents a threshold matter to be decided by the federal court. *Piasecki v. Court of Common Pleas*, 917 F.3d 161, 165-66 (3d Cir. 2019).

When a petitioner has multiple convictions and sentences, the "in custody" requirement is treated differently depending on whether the sentences are ordered to run consecutive or concurrent. In the case of consecutive sentences, a state habeas petitioner may be "in custody" pursuant to an already expired or pending consecutive sentence. See *Peyton v. Rowe*, 391 U.S. 54 (1968) (holding that habeas petitioners could challenge a consecutive sentence that petitioner has not yet begun to serve); *Garlotte v. Fordice*, 515 U.S. 39 (1995) (holding that habeas petitioner could challenge a consecutive sentence that was already expired). However, in the context of concurrent sentences, such as the situation here, a prisoner is not "in custody" on the shorter-termed concurrent sentence if that sentence is expired by the time petitioner filed their habeas petition despite still being "in custody" for the longer-termed concurrent sentence. If the petitioner is not in custody pursuant to the conviction being challenged at the time the petition is filed, the Court lacks subject matter jurisdiction. *Maleng v. Cook*, 490 U.S. 488, 492 (1989).

In the instant case, Davis received a two (2) to four (4) year sentence at CP-02-CR-0015630-2014 (the shorter sentence). This sentence was to run concurrently with the five (5) to ten (10) years sentence imposed at CP-02-CR-0016480-2014 (the longer sentence). The maximum expiry date for the sentence imposed at CP-02-CR-0015630-2014 (the shorter sentence) was August 12, 2019. Davis did not file the instant Petition until March 16, 2023, well after the mechanical expiry date of the sentence imposed at CP-02-CR-0015630-2014. Therefore, because Davis was serving a concurrent sentence, and because the shorter-termed

concurrent sentence had expired by the time Davis filed the instant Petition, the Court finds that he was not "in custody" pursuant to the state court judgment imposed at CP-02-CR-0015630-2014 on the date of filing this Petition. Thus, this Court is without jurisdiction to entertain claims with respect to any challenges to the judgment of sentence imposed at CP-02-CR-0015630-2014.[3]

### C. Timeliness

There is no dispute that on the date this Petition was filed, Davis was "in custody" pursuant to the state court judgment issued in CP-02-CR-0016480-2014. However, a second determination must be made before the Court can address the merits of Davis's claims, namely, whether the Petition was timely filed. *Romansky v. Superintendent Green SCI*, 933 F.3d 293, 298 (3d Cir. 2019).

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year limitations period for a state prisoner to file a federal habeas petition. Generally, the limitations period begins to run on the date the judgment of sentence becomes final. 28 U.S.C. § 2244(d)(1)(A).[4] A judgment becomes final at the conclusion of direct review or upon the expiration of time for seeking such review. *Id*.; *see Gonzales v. Thaler*, 565 U.S. 134 (2012). One of the following alternative start dates, may apply:

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

---

[3] Even assuming the Court had jurisdiction, the Court would dismiss the claims challenging the judgment of sentence in CP-02-CR-0015630-2014 for the same reasons discussed in Section C of this Memorandum Opinion. The instant Petition was filed well beyond AEDPA's one-year statute of limitations and Davis has provided no argument why the Petition should be either statutorily or equitably tolled.

[4] The statute of limitations set out in § 2244(d)(1) must be applied on a claim-by-claim basis. *Fielder v. Varner*, 379 F.3d 113 (3d Cir. 2004), *cert. denied*, 543 U.S. 1067 (2005).

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*Id*. § 2244(d)(1)(B)-(D). Further, the AEDPA limitations period is subject to both statutory and equitable tolling. *Jones v. Morton*, 195 F.3d 153, 158 (3d Cir. 1999).

Davis pleaded guilty and was sentenced on August 12, 2015. He did not file any post-sentence motions or direct appeals in either CP-02-CR-0015630-2014 or CP-02-CR-0016480-2014. Consequently, the judgment of sentence in both cases became final on September 11, 2015, after the expiration of the thirty days allotted to pursue a direct appeal. PA Rules of App. Proc. 903(a); 28 U.S.C. § 2244(d)(1)(A). The one-year AEDPA statute of limitations period commenced running as of that date and expired one year later, on September 12, 2016.[5] Therefore, the instant Petition, filed March 16, 2023, is facially untimely and must be dismissed unless Davis can show that the limitations period should be tolled, either statutorily or equitably, or that an alternative date should apply.

    1.    <u>Statutory Tolling</u>

As noted above, Davis's judgments of sentence became final on September 11, 2015. Section 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." Davis did

---

[5] Respondents have a typographical error in their brief. Although Respondents correctly state that Davis was sentenced on August 12, 2015, and that his sentence became final for AEDPA purposes thirty (30) days later, they state the sentence became final on "May 12, 2015. Petitioner had one year from that date – or until May 12, 2016 – to file a timely petition for writ of habeas corpus." Br. at 11. The record reflects that Davis's sentence became final on September 11, 2015. The AEDPA one-year statute of limitations fell on Saturday, September 10, 2016; therefore, Davis had until Monday, September 12, 2016, to file his habeas petition.

not file a petition under the Post-Conviction Relief Act in either CP-02-CR-0015630-2014 or CP-02-CR-0016480-2014 and thus no time was statutorily tolled on the AEDPA statute of limitations clock.

    2.    Equitable Tolling

The habeas limitations period can be tolled in rare circumstances when "principles of equity would make [its] rigid application unfair." *Jenkins v. Superintendent of Laurel Highlands*, 705 F.3d 80. 89 (3d Cir. 2013). There is no indication in this record that the doctrine of equitable tolling should be applied.  Although AEDPA's one-year limitation in § 2244(d) is a statute of limitations, not a jurisdictional bar, and, therefore, may be equitably tolled, the United States Court of Appeals for the Third Circuit has held that "courts should be sparing in their use of the doctrine" and limit its application only to the "rare situation where [it] is demanded by sound legal principles as well as the interests of justice." *LaCava v. Kyler*, 398 F.3d 271, 275 (3d Cir. 2005) (internal citations omitted). A petitioner is entitled to equitable tolling only if he shows both that (1) he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way. *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). "This conjunctive standard requires showing <u>both</u> elements before we will permit tolling." *Sistrunk v. Rozum,* 674 F.3d 181, 190 (3d Cir. 2012) (emphasis in original). "The fact that a petitioner is proceeding pro se does not insulate him from the 'reasonable diligence' inquiry and his lack of legal knowledge or legal training does not alone justify equitable tolling." *Ross v. Varano*, 712 F.3d 784, 799-800 (3d Cir. 2013).

Here, Davis has not met his burden of demonstrating that he is entitled to equitable tolling.  There is no evidence before the Court to suggest that Davis ever attempted to file his habeas petition earlier or that he could not have filed it on time. Thus, the Court finds there is no

basis for the Court to apply equitable tolling to the statute of limitations in this case.

In sum, because Davis has failed to show that he is entitled to statutory or equitable tolling, his Petition remains untimely. He has failed to demonstrate that he is entitled to any exceptions to the federal statute of limitations.

### III.     Certificate of Appealability

Section 102 of AEDPA, which is codified at 28 U.S.C. § 2253, governs the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. It provides that "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Applying this standard here, the Court concludes that jurists of reason would not find it debatable that this Court lacks jurisdiction over any challenges to the judgment of sentence issued at CP-02-CR-0015630-2014 as Davis was not "in custody" when the petition was filed and that the challenges to the judgment of sentence issued at CP-02-CR-0016480-2014 are time barred and no statutory or equitable tolling applies. Consequently, a certificate of appealability will be denied as to each claim.

### IV.     Conclusion

For the reasons set forth above, the petition for writ of habeas corpus will be dismissed

with prejudice. A certificate of appealability will be denied as to each claim. A separate Order follows.

August 28, 2023                                       BY THE COURT:

                                                      s/Cynthia Reed Eddy
                                                      Cynthia Reed Eddy
                                                      United States Magistrate Judge

cc:     GARY DAVIS
        MD-0324
        SCI FOREST
        P.O. Box 945
        286 Woodland Drive
        Marienville, PA 16239
        (via U.S. First Class Mail)

        Ashley N. Oravetz
        Allegheny County District Attorney's Office
        (via ECF electronic notification)